■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EMANUEL HAYDE, Appellant.— Judgment of conviction after jury trial, Supreme Court, Bronx County, rendered October 19, 1972, unanimously reversed, on the law, and the case remanded to Trial Term, Supreme Court, Bronx County for trial anew. Defendant-appellant was indicted for possession of a gun as a felony by reason of its having been loaded (Penal Law, § 265.05, subd. 2). A second count of possession of stolen property was dismissed, leaving only the gun count. During defendant's cross-examination, it was brought out that he had theretofore been convicted of a crime. Based solely on this evidence, without amendment of the indictment, without pursuing the procedures prescribed by CPL 200.60 governing procedure to be followed when a previous conviction renders a later offense more serious, and over objection, the court charged the jury on the crime of possession of a weapon as a felony by reason of prior conviction (Penal Law, § 265.05, subd. 3), in addition to the remaining gun count. Obviously, this was error. The jury convicted of both counts. We

may not cure the error by setting aside the conviction on the added count, for the very charge on the subject was prejudicial in that it added to defendant's burden. Nor, because the commitment does not specify, there having been only one sentence imposed without ascription to a particular count, is it possible to know on which count defendant was sentenced. We therefore remand for a new trial. We find defendant's other points to be without merit. Concur — Markewich, J. P., Nunez, Tilzer and Lane, JJ.